UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES ROBINSON,
     Plaintiff,

vs.                                Case No.: 3:22cv20805/LAC/ZCB

DONALD LEAVINS, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court on Plaintiff's "Motion for Preliminary Injunctive Restraining Order" (Doc. 8) and motion for "Restraining Order" (Doc. 14). For the reasons below, the undersigned recommends that Plaintiff's motions be denied.

### I.    Background

Plaintiff is a Florida Department of Corrections (FDOC) prisoner who is currently incarcerated at Santa Rosa Correctional Institution. (Doc. 22 at 3). Plaintiff filed his initial complaint on October 14, 2022. (Doc. 1). After a review of the complaint, the Court ordered the Clerk of Court to immediately transmit a copy of Plaintiff's complaint to the Inspector General of the FDOC because Plaintiff alleged he was in imminent danger due to threats made by other inmates and several Santa Rosa Correctional Institutional officials. (Doc. 4). The Court also ordered Plaintiff to amend his complaint on the proper form. (*Id.*).

1

One month later, Plaintiff filed his motion for preliminary injunction and simultaneously filed a motion to extend the deadline to file an amended complaint and a motion to proceed *in forma pauperis* (IFP).  (Docs. 8, 9).   Plaintiff filed an amended complaint and motion to proceed IFP in late November 2022.  (Doc. 12). One week later, Plaintiff filed his motion for temporary restraining order.  (Doc. 14). Since filing the motion for a temporary restraining order, Plaintiff has amended his complaint—on his own volition—twice.  (Docs. 12, 20, 22).  His Third Amended Complaint is now the operative complaint.  (Doc. 22).  It was filed on January 26, 2023.  (*Id.*).

The Third Amended Complaint names five FDOC officials as Defendants— (1) Captain Hughes; (2) Secretary Representative A. Johns; (3) Sergeant D. Strobaugh; (4) Sergeant N. Price; and (5) Officer J. Lally.  (Doc. 22 at 3-5). Plaintiff's complaint alleges a conspiracy between inmates and Santa Rosa Correctional Institution officers to kill him.   (*Id.* at 7).  Plaintiff brings excessive force and retaliation claims against the four Defendants that are correctional officers. (*Id.* at 10-11).  Plaintiff alleges the fifth Defendant violated his constitutional rights by returning his grievances without action.  (*Id.* at 11).  Plaintiff's complaint seeks injunctive relief preventing Defendants from causing him future physical harm, granting his grievance requests, and requiring he be placed in protective management status.  (*Id.* at 10, 12).

In his one-page motion for preliminary injunction, Plaintiff claims that he is in "imminent danger and in jeopardy of having his case dismissed due to the retaliation of Sgt. T. Baker." (Doc. 8 at 1).  Sergeant Baker allegedly confiscated the blank complaint form the Court sent to Plaintiff in October 2022. (*Id.*).  Plaintiff also claims that his classifications officer refused to sign his IFP paperwork. (*Id.*).[1] Plaintiff then rehashes in one sentence Defendants' alleged use of excessive force that serves as one of the bases for his claims in his Third Amended Complaint. (*Id.*). Finally, he claims that he has been black balled from the utilizing the grievance system and the law library. (*Id.*).  Plaintiff requests the Court immediately transfer him to a new facility and issue an order "ceas[ing] their retaliative tactics of blocking Plaintiff from access to law library and stop violating Plaintiff's Amendment rights to be free from harm." (*Id.*).

In Plaintiff's second motion for a restraining order, he alleges that he is in imminent danger, suffers from "daily harassments/threats of physical harm," and "distractions interfering with [his] litigation rights and resources." (Doc. 14 at 1). He also claims he "has reason to believe that the Defendants will continue to retaliate in the near future as long as he remains here at Santa Rosa Corrections, due to the

---

[1] After filing his motion for preliminary injunction, Plaintiff did end up filing an amended complaint (and several subsequent complaints) on the proper form. (Doc. 12).  He also filed a motion to proceed IFP, which this Court granted. (Docs. 11, 13).

3

fact that the Defendants has [sic] not ceased their harm and discouragements." (*Id.*).

Plaintiff asserts that he is still being "black balled" and attaches two grievances, in

which he complains that he never received back his confiscated personal property

and someone changed his telephone pin number in an attempt to prevent him from

using the telephone. (*Id.* at 1-3). Plaintiff requests the Court order a temporary

restraining order against Donald Leavins, Captain Hughes, Justin McCrainie, J.

Modock, A. Flores, Officer Vaughan, and A. Johns. (*Id.* at 1).

## II.   Discussion

Plaintiff's motions for preliminary injunctive relief should be denied for

several reasons. First, Plaintiff cannot seek injunctive relief against non-parties. His

motions are largely based on the alleged actions of non-parties—Sergeant Barker,

Classifications Officer Schrock, Donald Leavins, Justin McCrainie, J. Modock, A.

Flores, and Officer Vaughan. (Docs. 8 at 1; 14 at 1). Courts "have long observed

the general rule that a court may not enter an injunction against a person who has

not been made a party to the case before it." *E.A. Renfroe & Co., Inc. v. Moran*, 338

F. App'x 836, 838-39 (11th Cir. 2009) (internal quotation marks omitted). Because

Sergeant Barker, Classifications Officer Schrock, Donald Leavins, Justin

McCrainie, J. Modock, A. Flores, and Officer Vaughan are not parties to this action,

the Court lacks subject matter jurisdiction to grant an injunction against them. *See,*

*e.g.*, *Jackson v. Baisden*, No. 21-13004, 2022 WL 610314, at *1 (11th Cir. 2022)

(holding the district court lacked subject-matter jurisdiction to grant an injunction against a non-party); *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (affirming that the district court lacked subject-matter jurisdiction to issue a preliminary injunction against a non-party).

Second, Plaintiff bases his motions on events unrelated to the matters set forth in his Third Amended Complaint. The purpose of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Serv. V. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

In his motion for preliminary injunction, Plaintiff complains of interference with this lawsuit, lack of access to the law library, and problems with the grievance process. He seeks an order requiring his transfer and instructing Defendants to "cease their retaliative tactics of blocking Plaintiff from access to the law library." (Doc. 8 at 1). In his motion for a restraining order, Plaintiff alleges his property has not been returned for three weeks and he is unable to access the telephone. (Doc. 14 at 1). The events underlying Plaintiff's complaint, however, have to do with an alleged conspiracy between Santa Rosa Correctional Institution officers and inmates

5

to kill him.  He does not seek transfer, access to the law library, or his pin number

in his complaint.[2]  Even if Plaintiff believes these actions are in retaliation for filing

this suit, that does not make the claims closely related.  *Davis v. Daniels*, No.

3:20cv5935, 2022 WL 1205329, at *2 (N.D. Fla. Feb. 8, 2022), report and

recommendation adopted, 2022 WL 1204100 (N.D. Fla. Apr. 22, 2022); *Adair v.

England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) (finding motion not closely related

where "the only connections between the underlying lawsuit and the motion for a

preliminary injunction are that both involve the plaintiffs and the defendants, and

that the plaintiffs believe the defendants are retaliating against them because of the

underlying lawsuit . . . this connection to the complaint is insufficient").  Because

Plaintiff's motion for preliminary injunction is not based on matters set forth in the

complaint, Plaintiff's motions should be denied.  *See, e.g.*, *Alabama v. U.S. Army

Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (holding that "any motion

for either a preliminary or permanent injunction must be based upon a cause of

action"); *Torres Puello v. Guerrero Mendez*, No. 5:20cv198, 2020 WL 4004481, at

*2 (M.D. Fla. June 15, 2020), report and recommendation adopted, 2020 WL

4001896 (M.D. Fla. July 15, 2020) (denying motion for injunctive relief because

---

[2] If Plaintiff believes that entire the FDOC is retaliating against him for filing
grievances or lawsuits, he may amend his complaint to state such a claim.  Plaintiff's
Third Amended Complaint, however, does not allege this.  While Plaintiff does
allege claims for retaliation in his Third Amended Complaint, he has been directed
to amend his complaint to specify his claims because they are vague.  (Doc. 25).

Plaintiff's request for an injunction was not related to the underlying claims in his complaint).

Third, Plaintiff has failed to establish that he is entitled to preliminary relief on the merits. To receive a preliminary injunction or temporary restraining order, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). Plaintiff has not met that burden for either motion.

Looking to the four requirements for preliminary relief, Plaintiff fails to establish at least two. First, he has yet to identify any objective evidence establishing that the actions about which he complains of in his complaint violated his constitutional rights at this early stage of the litigation. *See Skinner v. Sproul*, No. 1:14cv174, 2015 WL 196191, at *10 (M.D. Ga. Jan. 14, 2015) (denying the plaintiff's motion for preliminary injunction because the case was at the screening

stage and the plaintiff had failed to "identify any objective evidence that the actions about which he complains violated his constitutional rights").

Plaintiff has also failed to show a substantial likelihood of irreparable injury if the injunction is not granted. An irreparable harm "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). The only remaining allegations against named Defendants (the only parties the Court can enjoin) are conclusory allegations that Defendants used force on November 4, 2022 (Doc. 8 at 1),[3] Plaintiff has a right to be free from harm (*id.*), Plaintiff is imminent danger (Doc. 14 at 1), Plaintiff is subject to "Daily harrassments/Threats of Physical harm" (*id.*), and Plaintiff "has reason to believe that the Defendants will continue to retaliate in the near future as long as he remains [] at Santa Rosa Corrections" (*id.*). Plaintiff's allegations never provide any specifics, nor do they explain how any harm would be irreparable. As for Plaintiff's allegation of excessive force, he has only alleged the use of force on one date months prior. To the extent he alleges such harm will happen in the future, his allegations are conclusory and speculative. As such, he has failed to establish a real and immediate threat of future harm. *See, Knop v. Gordy*, No. 5:16cv1356, 2017 WL 5078056, at *10 (N.D. Ala. July 20, 2017) (denying preliminary injunction because

---

[3] The Third Amended Complaint alleges that Defendants used excessive force on November 5, 2022. The Court believes Plaintiff is referring to the same incident, although the dates are one day off.

the plaintiff had failed to present "specific facts which demonstrate he faces real, immediate, and irreparable injury").

## III.    Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's "Motion for Preliminary Injunctive Restraining Order" (Doc. 8) and motion for "Restraining Order" (Doc. 14) be **DENIED**.

At Pensacola, Florida this 13th day of February 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**